10004-TRW,MMPA,JAM ATTY #06184955

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MONIKA LESIAK,<br><br>        Plaintiff,<br>vs.<br><br>VILLAGE OF ADDISON POLICE SERGEANT BRIAN GOSS, #352, VILLAGE OF ADDISON POLICE OFFICER GORDON NISBET, #358 and UNKNOWN VILLAGE OF ADDISON POLICE OFFICERS, all individually and as agents, servants and/or employees of the VILLAGE OF ADDISON, a Body Politic and Corporate,<br><br>        Defendants. | Case No. 10CV07867<br><br>Judge Ronald A. Guzman<br><br>Magistrate Judge Michael T. Mason |

## MOTION FOR INVOLUNTARY DISMISSAL AND FOR FEES AND COSTS

NOW COME the Defendants, the VILLAGE OF ADDISON and SERGEANT BRIAN GOSS, by and through their attorneys, LANGHENRY, GILLEN, LUNDQUIST & JOHNSON, LLC, and pursuant to Federal Rule of Civil Procedure 41, move this court for the entry of an order of involuntary dismissal by reason of Plaintiff's failure to prosecute her case, comply with the Rules of Civil of Procedure, and orders of court and for fees and costs pursuant to 28 U.S.C. §1927. In support of said motion, Defendants state as follows:

    1.    On December 10, 2010, Plaintiff, Monika Lesiak, filed this action against the Village of Addison, Sergeant Brian Goss, Police Officer Gordon Nisbet, and other Unknown Addison Police Officers. She asserted a claim of excessive force under §1983, state law claims of the intentional torts of assault and battery, and a claim against the Village of Addison for *respondeat superior*. (See Doc. No. 1).

2.	Defense counsel appeared for the Village of Addison on January 4, 2011. Prior to the initial status hearing of February 14, 2011, Defense counsel advised Plaintiff's counsel that one of the defendants, Gordon Nisbet, was not even working on the night that the plaintiff was allegedly assaulted by the defendant officers. At the initial status hearing on February 14, 2011, the court directed the defendants to turn over the police report so that the plaintiff could identify the officers who were present at the scene and the plaintiff was directed to turn over the hospital and treating doctor records forthwith. (See Doc. No. 13).

3.	Defense counsel forwarded to Plaintiff's counsel a copy of the police report on February 14, 2011, the same day as ordered by the court. (See email attached hereto dated February 14, 2011, marked as Exhibit A). Plaintiff never did turn over hospital or treating doctor records to defendant as ordered by this court.

4.	On March 7, 2011, the parties appeared for status. At that time the court granted Plaintiff's oral motion to dismiss Defendant Gordon Nisbet and gave Plaintiff leave to file an amended complaint to add those officers who were actually present at the scene and whom the plaintiff claims actually did those things alleged in her complaint. (See Doc. No. 17). No amended complaint has ever been filed.

5.	At the March 7, 2011 status hearing, the court set a discovery closure date of August 30, 2011 and set this matter for a status hearing on August 31, 2011.

6.	On March 10, 2011, Defendants issued written discovery, interrogatories and a request for production of documents, to Plaintiff. Under the rules, responses to the written discovery were due on or about April 10, 2011. On the same date, March 10, 2011, Defendants issued a notice

for Plaintiff's deposition scheduling it for April 20, 2011. That deposition was cancelled, however, because Defendants never received answers to their written discovery.

7. On April 19, 2011, the day before Plaintiff's deposition was to proceed, Plaintiff's counsel filed his first motion to withdraw as counsel, scheduling the motion for May 10, 2011. (See Doc. Nos. 18 and 19). When Plaintiff's counsel failed to appear on the motion, it was ordered stricken by the court. (See Doc. 20).

8. On May 20, 2011, Defense counsel sent Plaintiff's counsel a letter pursuant to Local Rule 37.2 regarding outstanding discovery issues. (See letter dated May 20, 2011, attached hereto as Exhibit B). In that letter, Defense counsel reminded Plaintiff's counsel of the court's order regarding discovery advising Plaintiff's counsel that his client's failure to answer Defendant's written discovery was placing Defendants at a serious disadvantage with respect to the defendants' ability to comply with the court's order. Defense counsel requested answers to written discovery within seven days and a firm date for Plaintiff's deposition within 21 days.

9. Having received no response to Defendants' May 20, 2011 letter, Defense counsel sent Plaintiff's counsel a letter dated June 13, 2011, once again reminding Plaintiff's counsel of the court's discovery closure date and the need to complete discovery as soon as possible. (See letter dated June 13, 2011, attached hereto as Exhibit C). While no response to that letter was received, that same day Plaintiff's counsel filed a second motion to withdraw, noticing the motion for July 12, 2011, a month later. (See Doc. Nos. 21 and 22). On July 12, 2001, the court denied Plaintiff's motion to withdraw as counsel. (See Doc. No. 23).

10. Plaintiff's failure to comply with the orders of this court requiring production of records and Rules of Civil Procedure, requiring answers to interrogatories, production of documents,

3

and the voluntary production of documents pursuant to F.R.C.P. 26, have put Defendants at a serious disadvantage in responding to and defending this action. From the beginning, Defendants have maintained, and Defense counsel advised Plaintiff's counsel, that Plaintiff's claim was without any basis in fact and that what Plaintiff claims occurred, never happened. (See letter dated January 21, 2011 to Plaintiff's counsel, attached hereto as Exhibit D). Because of Plaintiff's failure to prosecute her case, respond to discovery, and comply with court orders, Defendants believe that dismissal is proper pursuant to F.R.C.P. 41(b). Defendants further believe that they should be awarded costs under the circumstances of this case and attorneys' fees should this court deem appropriate pursuant to 28 U.S.C. §1927. That section provides in pertinent part as follows:

> "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

WHEREFORE, Defendants, the VILLAGE OF ADDISON and SERGEANT BRIAN GOSS, by and through their attorneys, LANGHENRY, GILLEN, LUNDQUIST & JOHNSON, LLC, respectfully request that this court enter an order dismissing Plaintiff's cause of action pursuant to F.R.C.P. 41, and further pray that the court award costs, expenses and attorney fees as the court deems appropriate pursuant to 28 U.S.C. §1927.

Respectfully submitted,

**VILLAGE OF ADDISON**

By: /s/ Thomas R. Weiler
      Thomas R. Weiler

Thomas R. Weiler (Atty No. 06184955)
Meredith M. Pate (Atty No. 6290417)
John A. Masters (Atty No. 6299434)
Langhenry, Gillen, Lundquist & Johnson, LLC
Attorneys for Defendant, Village of Addison
33 North Dearborn Street - Suite 1650
Chicago, IL 60602
Tel: (312) 704-6700

---

## CERTIFICATE OF SERVICE

     PLEASE TAKE NOTICE that the undersigned, an attorney, hereby certifies that he caused the attached **MOTION FOR INVOLUNTARY DISMISSAL AND FOR FEES AND COSTS** to be served upon counsel of record in the above captioned matter at the addresses listed on this certificate of service by mailing via the CM/ECF Electronic Filing system on this **14th** day of **July, 2011.**

**Attorneys for Plaintiff**
Steven J. Malman
Cory M. Boyer
Law Offices of Steven J. Malman & Associates
205 W. Randolph St- Suite 610
Chicago, IL 60606
Tel: (312)629-0099
Fax: (312)629-1188

                              By:   /s/ Thomas R. Weiler
                                     Thomas R. Weiler

Thomas R. Weiler (Atty No. 06184955)
Meredith M. Pate (Atty No. 6290417)
John A. Masters (Atty No. 6299434)
Langhenry, Gillen, Lundquist & Johnson, LLC
Attorneys for Defendant, Village of Addison
33 North Dearborn Street - Suite 1650
Chicago, IL 60602
Tel: (312) 704-6700